[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14750
Non-Argument Calendar
_____

BIA No. A79-664-943

ROSALINE KENNEDY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 4, 2007)

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

An Immigration Judge ("IJ") ordered Rosaline Kennedy removed in absentia after she failed to appear for her removal hearing. After two unsuccessful attempts to reopen her removal proceedings and the IJ's denial of her motion to reconsider the second motion to reopen, Kennedy appealed the IJ's order denying reconsideration to the Board of Immigration Appeals ("BIA"). The BIA affirmed the IJ's denial of Kennedy's motion to reopen and rescind the in absentia order, refusing to consider Kennedy's exceptional circumstances claim because none of Kennedy's motions were filed within the 180-day statutory period. Kennedy petitions for review of the BIA's order, urging us to adopt a doctrine of equitable tolling of the 180-day period in which to file a motion to reopen in absentia removal proceedings based on exceptional circumstances, and arguing that equitable tolling was warranted in her case because she did not receive notice of her hearing or file a timely motion to reopen due to ineffective assistance of counsel. For the reasons set forth more fully below, we deny the petition.

We review the denial of a motion to reopen for abuse of discretion.[1] Anin v. Reno, 188 F.3d 1273, 1276 (11th Cir. 1999). An order of removal, entered in absentia, may be rescinded only

---

[1] Procedurally, Kennedy's appeal to the BIA was from the IJ's denial of her motion to reconsider her motion to reopen the in absentia removal order. However, the BIA stated that Kennedy was appealing the IJ's denial of her motion to reopen and rescind. We likewise review the denial of a motion for reconsideration for abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003).

(I) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1) of this section), or

(ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien.

8 U.S.C. § 1229a(b)(5)(C), INA § 240(b)(5)(C); see also 8 C.F.R.

§ 1003.23(b)(4)(ii) (same).

In Anin, "[w]e held that the 180-day time limitation for motions to reopen filed pursuant to former INA § 242B(c)(3)(A), 8 U.S.C. § 1252b(c)(3)(A) (repealed 1996), for in absentia deportation orders could not be equitably tolled on account of ineffective assistance of counsel."[2] Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149-50 (11th Cir. 2005). We determined

---

[2] The statute we considered in Anin stated:

(3) Rescission of order.

Such an order may be rescinded only--

(A) upon motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (f)(2) of this section), or

(B) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with subsection (a)(2) of this section or the alien demonstrates that the alien was in Federal or State custody and did not appear through no fault of the alien.

Anin, 188 F.3d at 1276 n.4.

that this provision was "jurisdictional and mandatory." Anin, 188 F.3d at 1278. We applied this reasoning in Anin to a motion to reopen under 8 U.S.C. § 1229a(c)(7), INA § 240(c)(7)[3] on the ground of ineffective assistance, which was filed after the expiration of the 90-day deadline for filing such a motion. Abdi, 430 F.3d at 1149-50. Although we recognized that the 90-day period may be subject to equitable tolling in very limited circumstances, id. at 1149, we held that ineffectiveness of counsel did not qualify. We said in Anin that this 90-day filing period "is mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling. We say this because our reasoning in Anin is not specific to in absentia orders." Id. at 1150. Accordingly, we held that the BIA did not abuse its discretion in denying the motion to reopen. Id.

Under Anin and Abdi, we do not recognize equitable tolling based upon alleged ineffectiveness of counsel and we hold that the BIA did not abuse its discretion in declining to consider Kennedy's exceptional circumstances claim because she did not file a motion to reopen within the

---

[3] This provision permits the filing of a motion to reopen, which "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B), INA § 240(c)(7)(A), (B). "A motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

4

180-day filing period.  In light of the foregoing, the petition for review is

**DENIED.**